UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, SEATTLE,<br><br>Respondent,<br><br>ELIZABETH DE COSTER *et al.*, on behalf of themselves and all others similarly situated,<br><br>Real party in Interest. | CASE NO. 25-3099<br><br>D.C. No. 2:21-cv-00693-JHC<br>Western District of Washington, Seattle<br><br>ANSWER TO PETITION FOR WRIT OF MANDAMUS |

Pursuant to the Ninth Circuit's invitation and Federal Rule of Appellate Procedure 21(b)(4), the District Court respectfully submits this Answer in response to the pending Petition for Writ of Mandamus, Case No. 21-693, Dkt. ## 341 and 347.

The reasons for issuing the questioned Order on Amazon's Motion to Claw Back Privileged Material and Strike References Thereto from Plaintiffs' Class Certification Motion are set forth in the Orders at Case No. 21-693, Dkt. ## 302 and 329. Moreover, the District Court expects that able counsel on both sides of this matter will fully address the issues raised. The District Court submits this Answer to share one observation.

As Amazon mentions, the antitrust matter of *Federal Trade Commission v. Amazon*, 2:23-cv-01495-JHC (W.D. Wash.), is also pending before the undersigned judge. In that case,

ANSWER TO PETITION FOR WRIT OF MANDAMUS - 1

on February 5, 2024, Amazon—jointly with the plaintiffs—proposed the following language for a protective order, which was adopted:

> When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. *The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.*

Case No. 23-1495, Dkt. ## 144-1 at 20 and 160 at 18–19 (emphasis added). This language tracks this District's Model Stipulated Protective Order.[1] Yet about five and a half months later, in this case, Amazon agreed to the protective order language at issue here. Case No. 21-693, Dkt. # 168. *Cf. Great-W. Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-CV-02082-APG, 2013 WL 5332410, at *12 (D. Nev. Sept. 23, 2013) ("[T]he underlying problem in cases reviewing agreements allegedly supplanting Rule 502(b) generally comes down to poorly drafted claw back agreements.").

Dated this 3rd day of June, 2025.

Respectfully submitted,

*John H. Chun*
John H. Chun
United States District Judge

---

[1] This District's Model Stipulated Protective Order can be found at ModelStipulatedProtectiveOrder CLEAN_2.1.23.pdf.

ANSWER TO PETITION FOR WRIT OF MANDAMUS - 2