No. 25-3099

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE AMAZON.COM

AMAZON.COM, INC., a Delaware corporation,

*Defendant-Petitioner*,

v.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON,

*Respondent*.

ELIZABETH DE COSTER, *et al.*,
(No. 2:21-cv-00693-JHC)

*Real Parties in Interest*,

DEBORAH FRAME-WILSON, *et al.*,
(No. 2:20-cv-00424-JHC)

*Real Parties in Interest*,

CHRISTOPHER BROWN, *et al.*,
(No. 2:22-cv-00965-JHC)

*Real Parties in Interest*.

ON PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF WASHINGTON, NOS. 2:21-CV-00693-JHC,
2:20-CV-424-JHC, AND 2:22-CV-0096, HONORABLE JOHN H. CHUN

**REAL PARTIES IN INTEREST-PLAINTIFFS' OPPOSITION TO MOTION
FOR LEAVE TO FILE BRIEF OF LAWYERS FOR CIVIL JUSTICE AS
AMICUS CURIAE IN SUPPORT OF PETITIONER AMAZON.COM, INC.**

Warren D. Postman
KELLER POSTMAN LLC
1101 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036
Telephone: (202) 918-1870
*wdp@kellerpostman.com*

Steve W. Berman
*Counsel of Record*
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
*steve@hbsslaw.com*

| | |
|---|---|
| David M. Cooper | Adam B. Wolfson |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 295 Fifth Avenue, 9th Floor | 865 South Figueroa Street, 10th Floor |
| New York, NY 10016 | Los Angeles, CA 90017 |
| Telephone: (212) 849-7000 | Telephone: (213) 443-3000 |
| davidcooper@quinnemanuel.com | adamwolfson@quinnemanuel.com |

*Attorneys for Real Parties in Interest*

Twenty-one days after Amazon filed its Petition for Writ of Mandamus, Lawyers for Civil Justice ("LCJ")—whose members include Amazon's Counsel in this very case and other cases coordinated with this case—sought leave to file a brief as amicus curiae in support of Amazon. Dkt. 15.1. LCJ's motion is untimely and should be denied.

Federal Rule of Appellate Procedure 29(a)(6) provides that "[a]n amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed." While a court may grant leave for a later filing, the movant must provide "an explanation as to why the court should excuse the late filing." *ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, L.L.C.*, 831 F. App'x 325 n.1 (9th Cir. 2020); *see also Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1062 n.1 (9th Cir. 1996) (denying amicus motion where it "was filed late and there was no attempt to show good cause for the late filing"); 1998 Advisory Comm. Notes Fed. R. App. P. 29 (noting that Rule 29 incorporates Rule 26(b)'s "grant[] [of] authority to enlarge the time prescribed in these rules for good cause shown"). This Court regularly denies untimely amicus motions. *See, e.g.*, *Alliance for the Wild Rockies v. Marten*, 789 F. App'x 583, 585 n.2 (9th Cir. 2020); *GHP Mgmt. Corp. v. City of Los Angeles*, No. 23-55013, 2024 WL 2795190, at *2 n.4 (9th Cir. May 31, 2024).

Here, LCJ fails to even acknowledge that its motion is late. It provides no explanation for missing the deadline by 14 days. Nor could it. LCJ is closely

3

intertwined with Amazon's counsel in this very case. LCJ Member Sidley Austin *filed this Petition* on behalf of Amazon and is Counsel of Record in this Court. The named partner of the ediscovery law firm that oversaw Amazon's privilege rereview *in this case*, Jonathan Redgrave of Redgrave LLP, sits on LCJ's Board of Directors.[1] LCJ Members Sidley Austin and Covington also both participated in the privilege review underlying this Petition.[2] Amazon's lead trial counsel in the coordinated case brought by the FTC, Williams & Connolly, and counsel who negotiated privilege related issues in Plaintiffs' cases on behalf of Amazon, Wilkinson Stekloff, are also both LCJ Members.[3] It is implausible that LCJ was not aware of this case or could not have acted in a timely manner. The Court should not excuse LCJ's lack of diligence in filing its motion to participate as amicus. And, because Federal Rule of Appellate Procedure 26(b) requires "good cause" to "permit an act to be done after that time expires," and LCJ has not even attempted to make that showing, the motion should be denied.

Furthermore, there is simply no reason to permit LCJ to participate on an untimely basis. It seeks to share its "expertise" on "[t]he proper interpretation and application of Federal Rule of Evidence 502(d)." Dkt. 15.1 at 3. But its views on

---

[1] *Leadership*, Lawyers for Civil Justice, https://www.lfcj.com/about#leadership (last visited June 5, 2025).
[2] *Law Firm Members*, Lawyers for Civil Justice, https://www.lfcj.com/about#members (last visited June 5, 2025).
[3] *Id.*

Rule 502(d) are irrelevant because the Protective Orders entered by the District Court in these cases expressly invoke Rule 502(b).

The Court should deny LCJ's motion for leave to file a brief as amicus curiae in support of Amazon's petition for a writ of mandamus.

Dated: June 6, 2025

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Steve W. Berman*
      Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
E-mail: steve@hbsslaw.com

KELLER POSTMAN LLC

By: /s/ *Warren D. Postman*
      Warren D. Postman
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036
Telephone: (202) 918-1123
Email: wdp@kellerpostman.com

QUINN EMANUEL URQUHART SULLIVAN, LLP

By: /s/ *David M. Cooper*
      David M. Cooper
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Email: davidcooper@quinnemanuel.com

By: /s/ *Adam B. Wolfson*
    Adam B. Wolfson
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Email: adamwolfson@quinnemanuel.com

*Counsel for Real Parties in Interest*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system

By: */s/ Steve W. Berman*
Steve W. Berman