No. 25-3099

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
IN RE AMAZON.COM, INC.,

_____

AMAZON.COM, INC., a Delaware corporation,
*Defendant-Petitioner*,

v.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON,
*Respondent*,

ELIZABETH DE COSTER, *et al.*,
*Real Parties in Interest*,
(No. 2:21-cv-00693-JHC)

DEBORAH FRAME-WILSON, *et al.*,
*Real Parties in Interest*,
(No. 2:20-cv-00424-JHC)

CHRISTOPHER BROWN, *et al.*,
*Real Parties in Interest*.
(No. 2:22-cv-00965-JHC)

_____

ON PETITION FOR A WRIT OF MANDAMUS TO THE UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON, NOS. 2:21-CV-00693-JHC, 2:20-CV-424-JHC, AND
2:22-CV-00965-JHC | HONORABLE JOHN H. CHUN

_____

LAWYERS FOR CIVIL JUSTICE'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE AMICUS BRIEF

E. Todd Presnell
Adam G. Williams

1

Zachary S. June
Casey L. Miller
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
615.244.2582
tpresnell@bradley.com

Federal Rule of Appellate Procedure 29(a)(6) permits third parties to seek leave to file an amicus brief (1) within seven days after the party being supported files its "principal brief," or (2) at a later date, "specifying the time within which an opposing party may answer." Fed. R. App. P. 29(a)(6). The motion and proposed amicus brief filed by Lawyers for Civil Justice ("LCJ") on June 4, 2025, meets both standards.

*First*, the party being supported, Amazon.com, Inc., filed a Petition for Writ of Mandamus on May 14, 2025 (ECF 1), and has not filed a "principal brief." *See* Fed. R. App. P. 21(b)(5) (stating that, after filing a mandamus petition, the clerk will advise the parties "[i]f briefing … is required"); *see also, e.g.*, *Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009) (stating that a "'principal brief' is "the opening brief on the merits" and that a "petition for rehearing en banc is not a 'brief' of any kind"). Rule 29(a)(6) does not address amicus filing deadlines to support a Petition for Writ of Mandamus, leaving that rulemaking to each Circuit Court of Appeals' discretion. *See* Fed. R. App. P. 29 advisory committee notes ("A court may grant permission to file an amicus brief in a context in which the party does not file a 'principal brief'; for example, an amicus may be permitted to file in support of a party's petition for rehearing. In such instances the court will establish the filing time for the amicus."). This Court has not adopted a rule-based filing deadline for amicus parties supporting a mandamus

3

petition and LCJ's motion for leave is not tethered to any "principal brief" that triggers a seven-day deadline. As such, LCJ urges the Court to deem its June 4, 2025, filing a timely one.

*Second*, if this Court views the mandamus petition as a "principal brief" under Rule 29(a)(6), LCJ requests that the Court invoke the rule's second prong, declare its brief timely filed as of June 4, 2025, and permit opposing parties an opportunity to respond. The Real Parties in Interest—Plaintiffs claim a lack of good cause and generally cite four cases for the conclusory statement that "[t]his Court regularly denies untimely amicus motions." (ECF 19, at 3). But a detailed consideration of these four cases reveals that none of them involved an amicus party supporting a Petition for Writ of Mandamus, and each of the putative amicus parties in those cases sought to file briefs over a month—and in almost all cases, several months—after the parties filed their principal briefs.

**Three months.** In *ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, L.L.C.*, 831 F. App'x 325 (9th Cir. 2020), the appellant filed its principal brief on June 16, 2020 (Case No. 20-15807, Docket Entry ("DE") 6), the appellee filed its response brief on August 17, 2020 (*Id.*, DE 13), and the appellant filed its reply brief on September 4, 2020 (*Id.*, DE 24). The amicus party, National Products Association, sought leave to file its brief on September 17, 2020—over three months after the

4

opening brief and after the parties' briefing was closed. (*Id.*, DE 26-1). The Court denied it.

**Twelve Months.** In *Alliance for the Wild Rockies v. Marten*, 789 F. App'x 583 (9th Cir. 2020), the appellant filed its opening brief on October 10, 2018 (Case No. 18-35653, DE 12), the appellee filed its answering brief on February 14, 2019 (*Id.*, DE 25), and the appellant filed a reply brief on April 8, 2019 (*Id.*, DE 41). The Court held oral argument on July 10, 2019 (*Id.*, DE 53) and later withdrew the submission and ordered the parties to mediation. (*Id.*, DE 55). Then, on October 15, 2019—over twelve months after the opening brief and three months after oral argument—the putative amicus party sought leave. (*Id.*, DE 62). The Court denied it.

**Thirty-two days.** In *Marbled Murrelet v. Babbitt*, 83 F.3d 1060 (9th Cir. 1996), *as amended on denial of reh'g* (June 26, 1996), the appellant filed its opening brief on November 6, 1995 (Case No. 95-16504, DE 8) and the amici filed their motion for leave on December 8, 1995, thirty-two days later (*Id.*, DE 12). The Court denied it.

**Nine Months.** Finally, in *GHP Mgmt. Corp. v. City of Los Angeles*, No. 23-55013, 2024 WL 2795190 (9th Cir. May 31, 2024), the appellant filed its opening brief on April 14, 2023 (Case No. 23-55013, DE 7), the appellee filed its answering brief on July 14, 2023 (*Id.*, DE 22), and the appellant filed a reply on September 5, 2023 (*Id.*, DE 39). The proposed amicus party, however, waited until January 26,

2024—over nine months after the opening brief and four months after briefing closed—to seek leave to file a brief. (*Id.*, DE 52). The Court denied it.

The present situation presents a stark contrast to *ThermoLife Int'l, LLC*, *Alliance*, *Marbled Murrelet*, and *GHP Mgmt. Corp.* While the Real Parties in Interest—Plaintiffs proclaim it "implausible" that LCJ did not know of Amazon.com, Inc.'s mandamus petition and imply that LCJ cavalierly ignored a known deadline, the truth is that LCJ acted expeditiously. LCJ's undersigned counsel represents to this Court that LCJ learned of Amazon.com, Inc.'s petition on May 29, 2025. It retained undersigned counsel on May 30, 2025, and counsel filed the motion and proposed amicus brief on June 4, 2025—six days after learning of the petition. If LCJ must show good cause to support Amazon.com, Inc.'s May 14, 2025, mandamus petition, it has done so by filing its brief six days after learning of the important issue involved here.

*   *   *

LCJ seeks to comment on a single legal issue—the proper interpretation of Federal Rule of Evidence 502(d). This Court previously permitted LCJ to offer amicus comments on Federal Rule of Evidence 702, *see Sonneveldt v. Mazda Motor of Am., Inc.*, No. 23-55325, 2024 WL 5242611 (9th Cir. Dec. 30, 2024) (DE 33 & 40), and LCJ respectfully requests the same opportunity to address the proper scope of Federal Rule of Evidence 502(d). Federal Rule of Appellate Procedure 29(a)(6)

allows the Plaintiffs to oppose LCJ's position, and LCJ is interested to hear why they believe this Court should interpret Rule 502(d) to include "concrete directives" or other preconditions when the Rule's plain language, purpose, and historical development say no such thing.

Respectfully submitted,

*s/ E. Todd Presnell*
E. Todd Presnell
Adam G. Williams
Zachary S. June
Casey L. Miller
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
615.244.2582
tpresnell@bradley.com

*Attorneys for Amicus Curiae*
Lawyers for Civil Justice

CERTIFICATE OF SERVICE

I certify that on June 12, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, serving all counsel of record.

DATED: June 12, 2025.

                              Respectfully submitted,

                              *s/ E. Todd Presnell*
                              E. Todd Presnell
                              Adam G. Williams
                              Zachary S. June
                              Casey L. Miller
                              Bradley Arant Boult Cummings LLP
                              1221 Broadway, Suite 2400
                              Nashville, Tennessee 37203
                              615.244.2582
                              tpresnell@bradley.com

                              *Attorneys for Amicus Curiae*
                              Lawyers for Civil Justice